

| | |
|---|---|
| Bill Davis<br>Deputy Solicitor General | (512) 936-1700<br>Bill.Davis@oag.texas.gov |

March 16, 2023

**Via CM/ECF**

Mark Langer, Clerk
United States Court of Appeals for the District of Columbia Circuit

> **Re:  Nos. 21-1263 (Lead) & 22-1013 (Consolidated),** *Board of County Commissioners of Weld County, Colorado v. EPA*

Dear Mr. Langer:

In its post-submission letter of March 7, 2023, EPA informed the Court of its proposed determination that the El Paso–Las Cruces nonattainment area would have attained the 2015 ozone NAAQS by the attainment date of August 3, 2021, but for emissions emanating from outside the United States. EPA Ltr. 1-2; *see* 42 U.S.C. § 7509a(b). EPA suggests that this development is relevant to the Court's consideration of Texas's petition for review. *See* EPA Ltr. 1. In fact, the proposed determination does not affect either the continuing need for judicial review of the final rule Texas challenges here, 86 Fed. Reg. 67,864 (Nov. 30, 2021), or the conclusion the Court should reach.

As EPA recognizes, its proposed determination is just that: a proposal. EPA notes (at 2) that the agency is accepting public comments until April 6, 2023, after which EPA may revise its proposed rule. There is no guarantee that EPA will promulgate a final rule in line with its proposal.

Moreover, even if EPA adopts the proposed rule as currently drafted, the resulting final rule will be subject to judicial review. 42 U.S.C. § 7607(b)(1). That review could take years, *see, e.g.*, *Sierra Club v. EPA*, 346 F.3d 955, 963 (9th Cir. 2003), and its result is of course unknowable at present.

Lastly, and most importantly, the final rule challenged here will continue to suffer from two independent flaws even if EPA's proposed determination becomes effective. First, the rule deprived Texas of the opportunity to plan for El Paso County to

Page 2

reach attainment status before its marginal-area attainment date. *See* Texas Br. 22; Texas Reply Br. 7. And second, the rule was beyond EPA's statutory authority to promulgate because it improperly disguised a redesignation as a "modification." As Texas explained, the administrator previously modified Governor Abbott's designation of El Paso County and had no authority to modify his own modification of that designation; redesignation was his only option under the statute. *See* Texas Br. 23-25; Reply Br. 10-12. In all events, those two independent harms warrant relief.

                                        Respectfully submitted.

                                        /s/ Bill Davis

                                        Bill Davis
                                        Deputy Solicitor General

cc: All registered counsel (via CM/ECF)